IN THE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| South Carolina Public Service Authority,<br><br>                      Plaintiff,<br>vs.<br><br>Westinghouse Electric Company, LLC, *as reorganized pursuant to Chapter 11 of the Bankruptcy Code*; Brookfield Business Partners L.P.; John Doe, Jane Doe, Richard Roe, and Mary Roe, who are fictitious names representing all unknown persons or entities who may claim an interest,<br><br>                      Defendants. | C/A No.: 2:19-cv-1432-RMG<br><br>**STATUS REPORT PURSUANT TO LOCAL RULE 4.01** |

To ensure compliance with Rule 4(m) of the Federal Rules of Civil Procedure and Rule 4.01 of the Local Rules of Civil Procedure (D.S.C.)[1], the undersigned attorneys hereby provide this status report as to the service of process on the Defendants in the above-captioned matter. As of the date of this status report, Plaintiff South Carolina Public Service Authority ("Santee Cooper") has served Defendant Brookfield Business Partners L.P. ("Brookfield"), served and dismissed without prejudice Defendant Westinghouse Electric Company, LLC, *as reorganized pursuant to Chapter 11 of the Bankruptcy Code* (WEC) (ECF No. 6), and has initiated service by publication of John Doe, Jane Doe, Richard Roe, and Mary Roe, who are fictitious names representing all unknown persons or entities who may claim an interest (collectively "Doe Defendants"), in accordance with the Court's Order on service by publication. (ECF No. 8). Plaintiff believes service will be accomplished by September 3, 2019.

---

[1] Although Local Rule 4.01 provides for a service period of 120 days, ("If a pleading asserting a claim is not served on each party against whom a claim is asserted within 120 days after the pleading is filed"), Plaintiff is filing this report within the 90-day service period provided in Fed. R. Civ. P. 4(m) since that period is shorter.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2019, Defendant WEC filed an adversary proceeding complaint in the United States Bankruptcy Court for the South District of New York (Case No. 17-10751 (MEW)) against Santee Cooper, alleging by way of a "Recovery of Chattel" cause of action that it is the owner of certain equipment related to the construction of Units 2 and 3 of the V.C. Summer Nuclear Generating Station (VCS Units 2 and 3). On May 8, 2019, Santee Cooper filed a Motion to Dismiss the adversary complaint (Doc. No. 5, Case No. 17-10751 (MEW)) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction since it had been over a year after the confirmation of WEC's Debtor's Plan and more than ten months after the Effective Date of the Plan.

On May 14, 2019, Santee Cooper filed the above-captioned action to quiet title and for declaratory relief, including all potential defendants in its request that this Court declare Santee Cooper has sole title to certain property for construction and operation of VCS Units 2 and 3. In its Complaint, Santee Cooper alleges that certain property includes equipment, nuclear components, and construction commodities for which Santee Cooper has paid, taken possession and control, preserved, maintained, and protected since the cessation of construction of VCS Units 2 and 3 as to the equipment located in South Carolina.

At the Bankruptcy Court in the Southern District of New York's (SDNY Bankruptcy Court) request, Santee Cooper agreed not to prosecute the above-captioned action beyond service of process on the Defendants until the SDNY Bankruptcy Court ruled on Santee Cooper's Motion to Dismiss. On July 29, 2019, the SDNY Bankruptcy Court denied Santee Cooper's Motion to Dismiss, finding it had subject matter jurisdiction over WEC's adversary proceeding. In order to avoid inconsistent judgments as to WEC, while the SDNY Bankruptcy Court

maintains subject matter jurisdiction over WEC's adversary proceeding, Santee Cooper dismissed WEC from the above-captioned action without prejudice. As to Defendant Brookfield, Santee Cooper has agreed to an extension for it to answer.

As stated in Santee Cooper's Motion for an Order for Service by Publication (ECF No. 5), Rule 4 of the Federal Rules of Civil Procedure provides that individuals and entities may be served by, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located…" The relevant statute as set forth in South Carolina Code Ann. § 15-9-710 states:

> When the person on whom service of the summons is to be made cannot, after due diligence, be found within the State and (a) that fact appears by affidavit to the satisfaction of the court or judge thereof, the clerk of court of common pleas, the maser, or the probate judge of the county in which the cause is pending and (b) it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made … the court, judge, clerk, master, or judge of probate may grant an order that the service be made by the publication of the summons in any one or more of the following cases: … (5) when the subject of the action is real or personal property in this State and the defendant has or claims a lien or interest, actual or contingent, therein or the relief demanded consists wholly or partly in excluding the defendant from any interest or lien therein …

Since the identity of the Doe Defendants was unable to be determined, the Court has permitted service by publication. (ECF No. 8). S.C. Code Ann. § 15-9-740 governs the manner and means of publication by service, and it provides that the publication should be made in a newspaper "most likely to give notice" for a length of time as may be deemed reasonable "not less than once a week for three weeks." As the Order permitting publication (ECF No. 8) was filed on August 6, 2019, the first publication was able to be made on August 10, 2019 for the Post & Courier and August 13, 2019 for The State Newspaper. Three weeks from August 13,

2019 is September 3, 2019. Therefore, service by publication should be completed by September 3, 2019.

Accordingly, service was not able to be accomplished within 90 days of filing (August 12, 2019) because there were extenuating circumstances with WEC and the New York litigation, but service will be accomplished prior to the 120 days of filing as provided in Local Rule 4.01 (D.S.C.).

    Respectfully submitted,

**GALLIVAN, WHITE & BOYD, P.A.**

s/ *John T. Lay, Jr.*
John T. Lay, Jr. (Fed. Bar No. 5539)
Gray T. Culbreath (Fed. Bar No. 5647)
Amy L.B. Hill (Fed. Bar No. 7696)
Lindsay A. Joyner (Fed. Bar No. 11557)
Jordan Crapps (Fed. Bar No. 12418)
1201 Main Street, Suite 1200
Post Office Box 7368 (29202)
Columbia, SC 29201
(803) 779-1833 (Ofc)
(803) 779-1767 (Fax)
jlay@gwblawfirm.com
gculbreath@gwblawfirm.com
ahill@gwblawfirm.com
ljoyner@gwblawfirm.com
jcrapps@gwblawfirm.com
***Attorneys for the South Carolina Public Service Authority***

**SOUTH CAROLINA PUBLIC SERVICE AUTHORITY**

J. Michael Baxley, Sr. (Fed. Bar No. 1248)
Post Office Box 2946101
Moncks Corner, SC 29461
843.761.7081 (direct)
Mike.Baxley@santeecooper.com

Columbia, South Carolina
August 12, 2019