# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| South Carolina Public Service Authority, | Civil Action No. 2:19-1432-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Westinghouse Electric Company, LLC, *as reorganized pursuant to Chapter 11 of the Bankruptcy Code; et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's motion for default judgment as to Defendants John Doe, Jane Doe, Richard Roe and Mary Roe (the "Unknown Defendants"). (Dkt. No. 21.) For the reasons set forth below, the motion is granted.

## I. Background

This is an action to quiet title and for declaratory judgment brought by Plaintiff South Carolina Public Service Authority ("Santee Cooper"). Santee Cooper seeks a declaration that it has sole title to certain property for the construction and operation of Units 2 and 3 of the V.C. Summer Nuclear Generating Station. The Unknown Defendants are fictitious names representing unknown persons or entities that may claim an interest in the equipment, nuclear components, and construction commodities that were to become a permanent part of the Units and for which Santee Cooper has paid, taken possession and control, or maintained since construction of the Units stopped. (Dkt. No. 1 ¶¶ 6, 14.) Former defendants Westinghouse Electric Company, LLC and Brookfield Business Partners LP were dismissed by stipulation without and with prejudice, respectively, and the Unknown Defendants are the sole remaining defendants. (Dkt. No. 6, No. 15.)

The Unknown Defendants were served with the complaint by publication in the Post & Courier and The State Newspaper in August 2019. (Dkt. No. 12-1, No. 13-1.) They have not filed an answer or otherwise responded to the complaint, and the time to do so under the Federal Rules of Civil Procedure has expired. In January 2020 and on Santee Cooper's motion, the Clerk entered default as to the Unknown Defendants. (Dkt. No. 19.) Santee Cooper now moves to default judgment as to them.

## II. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure provides that a party must apply to the Court for a default judgment when the claim is not for a sum certain. Fed. R. Civ. P. 55(b)(2). The court may hold a hearing if it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. *Id.* Default judgment may only be entered after entry of default. Fed. R. Civ. P. 55(a). By entry of default, the defendant is deemed to have "admitted the plaintiff's well-pleaded allegations of fact." *Ryan v. Homecomings Fin. Network*, 253 F.3d 779, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Then, on a motion for default judgment, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Fdn. For Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion). "There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006). The Court may test this sufficiency by the Rule 12(b)(6) standard. *See Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

## III. Discussion

The Court finds that Santee Cooper is entitled to default judgment as to the Unknown Defendants pursuant to Rule 55(b). Because default was properly entered against the Unknown Defendants, the Court "must accept all well-pleaded factual allegations in [the complaint] as true." *Fosberry v. Coyle Bus. Prods., Inc.*, 2:10-cv-0799-RMG, 2012 WL 1533550, at *2 (D.S.C. Apr. 30, 2012). This includes Santee Cooper's pleading that the equipment at issue was to become a permanent part of the Units and that Santee Cooper has full and sole title to the equipment. The Court does not find that a hearing is necessary in these circumstances. Therefore, the Court finds that default judgment is warranted.

## IV. Conclusion

For the foregoing reasons, Santee Cooper's motion for default judgment (Dkt. No. 21) is **GRANTED** and judgment is entered against Defendants John Doe, Jane Doe, Richard Roe and Mary Roe, representing persons or entities that may claim an interest to the equipment at issue.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

March ( ), 2020
Charleston, South Carolina